IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-01275-RM

CROWNALYTICS, LLC, a Colorado Limited Liability Company

    Plaintiff,

v.

SPINS, LLC, a Delaware Limited Liability Company,
DAAP, LLC, a Delaware Limited Liability Company,
INFORMATION RESOURCES, INC, a Delaware Corporation,

    Defendants.

## ORDER

This matter is before this Court on "Crownalytics' Motion for Temporary Restraining Order and Preliminary Injunction Against Defendant SPINS on its Ninth Claim (Tortious Interference With Existing And Prospective Business Relations)" ("Motion") (ECF No. 10). Upon consideration of the Motion, and applicable parts of the court record, and being otherwise fully advised, the Motion is DENIED.

### I. BACKGROUND

Plaintiff is a data analytics company that processes raw consumer data for use by its customers to make business decisions. Defendant, SPINS, LLC, (the only Defendant at issue in this motion), is a company that collects the raw data regarding consumer purchases from retailers and then aggregates that data. In the past, Plaintiff and Defendant apparently have had a mutually beneficial relationship whereby their mutual customers licensed the data from the Defendant and then paid Plaintiff to analyze that data. Plaintiff's operative complaint alleges, as

pertinent here, that Defendant interfered with Plaintiff's contractual relationships with those third party, mutual customers by unilaterally deciding that Plaintiff would no longer be able to access or use Defendant's data.  Plaintiff brought ten causes of action seeking relief on several different grounds.  (ECF No. 1.)  Before the Court here, however, is only Plaintiff's claim regarding tortious interference with contract.

## II.     LEGAL STANDARD

Case law sets forth certain requirements which must be met before injunctive relief may be had.  Specifically, in order to obtain relief, the plaintiff must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'"  *Diné Citizens Against Ruining our Environment v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)); *see also Nellson v. Barnhart*, 454 F.Supp.3d 1087, 1091 (D. Colo. 2020) (noting that a motion for a temporary restraining order is examined under same standards applicable to requests for preliminary injunction and should be granted only if the moving party shows "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest.").  "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal."  *Diné Citizens*, 839 F.3d at 1281 (citation and quotation marks omitted).  Because it is such drastic relief, it is "the 'exception rather than the rule.'"  *Nellson*, 454 F.Supp.3d at 1091.

In this case, in order to demonstrate a likelihood of success on the merits, Plaintiff must demonstrate the elements of tortious interference with a contract: "(1) existence of a contract between the plaintiff and a third party; (2) knowledge of that contract by the defendant; (3) the defendant's intentional improper interference with that contract; (4) breach of that contract by the third party; and (5) resulting damages to the plaintiff." *Arapahoe Surgery Center, LLC v. Cigna Healthcare, Inc.*, 171 F.Supp.3d 1092, 1120 (D. Colo. 2016).

### III.   ANALYSIS

Plaintiff alleges that it meets each of the four prongs for granting injunctive relief. The Court finds otherwise.

The Court can assume that Plaintiff meets three of the prongs—that there is a likelihood that it will suffer irreparable harm absent the preliminary relief; that the balance of the equities tip in Plaintiff's favor; and that the preliminary relief would be in the public interest. The Court concludes, however, that on the record before it the Plaintiff has failed to demonstrate a substantial likelihood of success on the merits and its request must be denied on that basis. *See Diné Citizens*, 839 F.3d at 1285 ("We therefore affirm on this ground [failure to show substantial likelihood of success on the merits] and do not address the parties' arguments regarding the other three prerequisites for preliminary relief.").

Examining the merits of Plaintiff's claim for tortious interference with contract, again the Court can assume, without finding, that Plaintiff has presented adequate proof that it had contracts with third parties, that Defendant knew about those contracts, and that Plaintiff will suffer damages as a result of Defendant's conduct. Each of the remaining prongs, however, are problematic.

First, Plaintiff has failed to provide any evidence that would permit the Court to conclude that Defendant wasn't acting within its rights pursuant to its own contracts with its own customers when it decided to restrict who and how its data may be used.  For example, if, under its contracts with its customers, Defendant has an absolute right to terminate its license agreements for any reason then would its decision to do so in these cases be improper?  Plaintiff has not presented any authority supporting a conclusion that Defendant's conduct under that circumstance would be improper.  Nor has Plaintiff presented any evidence about those contracts between Defendant and their mutual customers.  Thus, the Court is not prepared to say, on this record alone, that Defendant's conduct constitutes *improper* interference with Plaintiff's contracts.

Second, Plaintiff has also failed to provide any evidence of the contents of *its own* contracts with third parties.  One element of its claim is that a third party *breached* a contract with Plaintiff—not merely that the third party chose to terminate a contract.  If, for example, Plaintiff's customers can terminate their contracts with adequate notice based on changed circumstances, and if the communications described by Plaintiff constitute such notice, then the third parties may not be breaching their contracts at all.  Without additional evidence, the Court cannot conclude that Plaintiff has presented adequate evidence of the fourth element of its claim.

Based on the state of the evidence, the Court concludes that Plaintiff has not demonstrated a substantial likelihood of success on the merits on this claim.

## IV.   CONCLUSION

Based on the foregoing, it is ORDERED that "Crownalytics' Motion for Temporary Restraining Order and Preliminary Injunction Against Defendant SPINS on its Ninth Claim

(Tortious Interference With Existing And Prospective Business Relations)" (ECF No. 10) is DENIED to the extent that it seeks a Temporary Restraining Order.  The matter will proceed in the normal course (with briefing by all parties) with respect to the request for a preliminary injunction.

DATED this 25th day of May, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge