IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1275-NYW-SKC

CROWNALYTICS, LLC, a Colorado Limited Liability Company

Plaintiff,

v.

SPINS LLC, a Delaware Limited Liability Company; DAAP, LLC a
Delaware Limited Liability Company; and INFORMATION
RESOURCES, INC., a Delaware Corporation

      Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S DOCUMENT REQUESTS**

      Plaintiff, Crownalytics, LLC ("Crownalytics") opposes Defendants Joint Motion for Extension of Time to Respond to Plaintiff's Document Requests [Doc. 58] for the following reasons:

    1.    There is no stay of discovery in place.

    2.    Crownalytics served its first set of requests for production on September 22, 2022.

    3.    Defendants have waited three (3) weeks to seek an extension. Defendants' Motion for Extension seeks to impose a stay pending the Court's ruling on their Motion for Stay. The relief requested by Defendants would flip the District of Colorado's presumption against discovery stays on its head.

    4.    Crownalytics has a presumptive right to proceed expeditiously with its claims. *See Alattar v. Bell*, No. 13-cv-02990-MSK-KMT, 2014 WL 2566271, at *2 (D. Colo. June 5, 2014).

1

5.  Discovery stays are the exception in this judicial district, not the rule. *Bustos v. United States*, 257 F.R.D. 617, 623 (D. Colo. 2009) ("This District generally disfavors stays of discovery."). Thus, "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt.,* 713 F.2d 1477, 1484 (10th Cir. 1983). *Aspen Corporations, Inc. v. Gorman,* 2019 WL 266313, at *1 (D. Colo., 2019).

6.  Colorado denies stays pending a decision on a motion to dismiss in antitrust and other complex cases.

> Discovery often involves burden. Environmental cases, patent infringement cases, and collective actions under the Fair Labor Standards Act come immediately to mind as complex cases that may involve substantial discovery but which ordinarily are not stayed pending the determination of preliminary motions. Jeppesen has failed to explain why this case, simply because it involves antitrust claims, deserves special treatment not accorded other complex cases not asserting antitrust claims.

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 2011 WL 4018207, at *3 (D.Colo.,2011); *See also, Genetic Technologies Ltd. v. Agilent Technologies, Inc.,* 2011 WL 5024839, at *3 (D.Colo.,2011). (Stay denied in a patent case.)

7.  Crownalytics offered the Defendants the accommodation of a fourteen (14) day extension, from October 22, 2022 to November 5, 2022, but Defendants rejected this offer.

WHEREFORE, Plaintiff Crownalytics respectfully requests that the Court deny Defendants' Joint Motion for an Extension.

October 13, 2022

                                              */s/ Rick D. Bailey*

*Rick D. Bailey, Esq.*
*LAW OFFICE OF RICK D. BAILEY, ESQ*
*1801 Broadway, Ste. 528*
*Denver, CO 80202*
*Tel. (720) 676-6023*

*Pat Pascarella*
*BONA LAW PC*
*Pat Pascarella*
*100 Crescent C. #700-3425*
*Dallas, TX 75201*
*pat.pascarella@bonalawpc.com*

*Alexandra Shear*
*287 Park Avenue South, Suite 422*
*New York, NY 10010*
*alex.shear@bonalawpc.com*

*Kristen Harris*
*4275 Executive Square, Suite 200*
*La Jolla, CA 92037*
*kristen.harris@bonalawpc.com*

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned certifies that he served all counsel of record electronically with a copy of CROWNALYTICS' OPPOSITION TO DEFENDANTS' JOINT MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S REQUESTS FOR PRODUCTION using the Court's CM/ECF electronic filing system.

                                              /s/*Rick D. Bailey*
                                              Rick D. Bailey