IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:22-cv-1275-NYW-SKC

CROWNALYTICS, LLC,

    Plaintiff,
v.

SPINS, LLC,
DAAP, LLC, and
INFORMATION RESOURCES, INC.,

    Defendants.

---

**ORDER DENYING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY**

---

    This matter is before the Court upon referral of Defendants' Joint Motion to Stay Discovery and Pretrial Deadlines. [Dkt. 41.] Defendants seek to stay discovery pending a ruling on their respective motions to dismiss Plaintiff's Complaint for lack of standing under Fed. R. Civ. P. 12(b)(3), and failure to state a plausible claim under Fed. R. Civ. P. 12(b)(6). Plaintiff opposes the Motion. [Dkt. 45.]

    The Court, after reviewing the Motion, the response in opposition and Defendants' reply, the case docket, and applicable law, DENIES the Motion for the reasons discussed below.

### I.     Procedural Background

    In brief and as relevant here, this antitrust case arose after Plaintiff sued Defendants alleging they committed unlawful competitive practices under both state and federal laws. [Dkt. 1.] Plaintiff then sought a temporary restraining order (TRO)

and preliminary injunction (PI) against Defendants to stop them from prohibiting Plaintiff's use of Defendants' client data while servicing those clients. [Dkts. 10.] But the Court denied it.[1] [Dkt. 17.]

Subsequently, Defendants filed their motions to dismiss and their joint motion to stay discovery proceedings. [Dkts. 40-42.] Plaintiff opposes the Motion. [Dkt. 45.]

## II.  Discussion

Defendants assert the Court should stay discovery pending its ruling on their motions to dismiss to avoid engaging in "notoriously expensive and burdensome" antitrust discovery because Plaintiff's claims will not survive their motions to dismiss. The Court disagrees that a stay is necessary.

Under the Federal Rules of Civil Procedure, a district court has the inherent power to administer its case docket in the interest of time, judicial economy, and the parties involved. *See Certain Underwriters at Lloyds, London v. Hartford Accident & Indemnity Co.*, 1:18-cv-01896-CMA-NYW, 2021 WL 5810712, at *3 (D. Colo. Dec. 6, 2021) (the Federal Rules of Civil Procedure indirectly provide courts with inherent powers to stay a case). To determine whether a stay is proper, a court in this district may choose to weigh the following factors: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff from the delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

---

[1] Plaintiff withdrew its motion requesting a PI after the Court denied the request for a TRO. [Dkts. 17, 19.]

*Barrington v. United Airlines*, 565 F. Supp. 3d 1213, 1217 (D. Colo. 2021) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 1:02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)).

After considering the above factors in this case, the Court finds a stay is not warranted. First, Defendants' Motion does not directly address whether Plaintiff faces any potential prejudice by a delay.[2] Instead, Defendants say continuing discovery based on Plaintiff's "flimsy foundation" of alleged antitrust violations weighs in their favor because the presiding judge previously denied Plaintiff's request for a TRO and Plaintiff's claims will not survive their motions to dismiss. But this District generally disfavors stays, and Defendants' mere filing of motions to dismiss which the Court may eventually grant is insufficient to permit a stay. *See Barrington*, 565 F. Supp. at 1217 (under Fed. R. Civ. P. 1, a court's role is to administer a just and speedy determination of an action; thus, stays should be the exception, not the rule); *Giuffre v. Marys Lake Lodge*, LLC, No. 11-cv-00028-PAB-KLM, 2012 WL 1361611, at *1 (D. Colo. Apr. 19, 2012) (it is within the Court's discretion to grant or deny a motion to stay).

Moreover, the likelihood of Plaintiff's success (on the merits) is irrelevant to this Court's determination in considering the stay, especially when "motions to

---

[2] The Court did not consider Defendants' newly raised arguments, in their reply brief, for why Plaintiff would not be substantially prejudiced by the requested stay. *See generally Civil Rights Educ. & Enf't Ctr. v. Sage Hosp. Res. LLC*, 222 F. Supp. 3d 934, 938 (D. Colo. 2016) (declining to consider new arguments raised in a reply brief).

3

dismiss are denied far more often than they result in the termination of a case."[3] *Roueche v. U.S.*, No. 09-cv-00048-WDM-BNB, 2010 WL 420040, at *2 (D. Colo. Feb. 1, 2010); *cf. Barrington*, 565 F. Supp. 3d at 1217 (noting that a motion to stay "is not the appropriate context to argue the merits" of a motion to dismiss); *Breckenridge v. Vargo*, No. 16-cv-01176-WJM-MEH, 2016 WL 7015702, at *1 (D. Colo. Nov. 28, 2016) (pending a court's ruling of a dispositive motion can last several months or more and is insufficient to grant a stay on discovery).

Next, Defendants say staying discovery is appropriate to avoid a "gross undue burden" because other courts recognize that antitrust discovery is "notoriously expensive and burdensome." But the Court is unconvinced discovery in *this* antitrust case deserves any special recognition warranting a stay. *See SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468-WJM-BNB, at *2 (D. Colo. Sept. 8, 2011) (it is within the court's discretion to issue a protective order pending a ruling on a motion to dismiss, "[i]n an antitrust case, as in every case"); *cf. Prison Legal News v. Fed. Bureau of Prisons*, No. 15-cv-02184-RM-STV, 2017 WL 10619942, at *12 (D. Colo. Feb. 23, 2017) (denying defendant's motion to stay discovery because "jurisdictional and sufficiency of allegations issues are frequently raised in motions to dismiss" and thus insufficient to permit a stay). Rather, the Court agrees with Plaintiff that Defendants fail to show their burdens exceed the usual burdens on litigants in any case. *See SOLIDFX, LLC*, 2011 WL 4018207, at *3 (declining to stay

---

[3] Notably, Plaintiff based the request for a TRO on only its state law claims for tortious interference. *See* [Dkt. 10 n. 1.]

discovery in an antitrust case because defendants failed to adequately show any specific discovery was "substantially greater" than required); *Prison Legal News*, 2017 WL 10619942, at *13 (same); *see also Chavez v. Young Am. Ins. Co.*, 1:06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (there is no special burden on a defendant because of the inherent burden that exists when sued).

Finally, although Defendants argue that staying discovery favors both public and non-party interests, these factors are arguably neutral because while Defendants point to specific non-party witnesses, there is always some burden on non-parties in litigation. *See SOLIDFX, LLC*, 2011 WL 4018207, *4 (even non-parties face some burden, and thus insufficient to justify staying discovery even when defendants argued that deposing the non-parties may prove unnecessary if the Court eventually granted the motion to dismiss).

For these reasons, the Court finds Plaintiff's interests in proceeding expeditiously with this matter and the potential prejudice to Plaintiff from the delay outweigh any burdens on the Defendants. The Court further finds it is not inconvenienced by the case proceeding. And, the public and non-party interests do not weigh in favor of a stay.

Therefore, the Motion is DENIED.

DATED: December 5, 2022                    BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge

5